UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAROLYN A. WOOSTER ] | | |
| Petitioner, ] | | |
| ] | | |
| v. ] | No. 3:06-1198 | |
| ] | Judge Trauger | |
| REUBEN HODGE, WARDEN ] | | |
| Respondent. ] | | |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Mark Luttrell Correctional Center in Memphis. She brings this action pursuant to 28 U.S.C. § 2254 against Reuben Hodge, Warden of the prison, seeking a writ of habeas corpus.

In March, 1999, a jury in Dickson County found the petitioner guilty of aggravated child abuse and neglect. For this crime, she received a sentence of fifteen (15) years in prison. Docket Entry No. 16; Addendum No. 1 at pg. 13. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 16; Addendum No. 5. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 16; Addendum No. 8.

The petitioner then filed a *pro se* petition for post-conviction relief in the Circuit Court of Dickson County. Docket Entry No. 16; Addendum No. 9 at pgs. 1-6. Following the appointment of counsel, an amended post-conviction petition was filed on behalf of the petitioner. Docket Entry No. 16; Addendum No. 9 at pgs. 16-18. An evidentiary hearing was conducted after which

1

the trial court denied the petition. Docket Entry No. 16; Addendum No. 9 at pgs. 20-33. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 16; Addendum No. 12. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No. 16; Addendum No. 15.

On December 15, 2006, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No. 1. The petition sets forth seven claims for relief. These claims include:

> I. the petitioner was denied the effective assistance of counsel when her attorney
>
>> (a) failed to adequately investigate the case and prepare for trial;
>>
>> (b) admitted that he was "too inexperienced for her case";
>>
>> (c) failed to offer an alternate theory of defense;
>>
>> (d) neglected to arrange for a psychiatric evaluation of the petitioner;
>>
>> (e) did not challenge testimony about the temperature in an effort to negate the element of intent; and
>>
>> (f) failed to obtain medical evidence needed to rebut the claim that the victim suffered a serious bodily injury.[1]
>
> II. the evidence was not sufficient to support a conviction.

Upon its receipt, the court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

---

[1] At trial, the petitioner was represented by Joseph Hornick, a member of the Dickson County Bar.

Presently pending before the court is the respondent's Answer (Docket Entry No. 14), to which the petitioner has offered no reply. Upon consideration of this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in her petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present her claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once her federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).[2]

A review of the record shows that four of the petitioner's ineffective assistance claims, i.e., Claim Nos. I (b), (c), (d) and (f), were raised at the post-conviction trial court level but were never presented to the state appellate courts for review. *See* Docket Entry No. 16; Addendum

---

[2] In Tennessee, a petitioner need only take her claims to the Tennessee Court of Criminal Appeals in order to fully exhaust her available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

3

No. 10.³ To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3ʳᵈ Cir.1996). In the case of those claims that were never presented to the state appellate court for consideration, the petitioner has failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6ᵗʰ Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

      Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982). The petitioner has alleged nothing that would constitute cause and prejudice sufficient to excuse her procedural default of these claims. Consequently, the court finds that the

---

³ In her post-conviction appellate brief, the petitioner does assert that counsel "made almost no effort to contest serious bodily injury", thus alluding to Claim No. I (f). However, petitioner later states that defendant's "single viable defense was whether she did not act knowingly". Docket Entry No. 16; Addendum No. 10 at pgs. 6-7. By this statement, the petitioner chose to press her intent claim (Claim No. I e) and abandoned any ineffective assistance claim related to the element of serious bodily injury.

petitioner has forfeited her right to federal review of these claims.

The petitioner's remaining claims were fully litigated in the state courts on either direct appeal (Claim No. II) or during post-conviction proceedings (Claim Nos. I a and e) and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner claims that the evidence was not sufficient to support a conviction (Claim No. II). The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as that quantum of "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal

5

conviction, the court must view the evidence in a light most favorable to the prosecution. Id., at 99 S.Ct. 2789.

At trial, the jury heard evidence showing that the petitioner had given birth at home without medical assistance. In order to hide the delivery from her boyfriend, she wrapped the newborn in a shirt, placed the infant in a box, and placed the box in a storage area under her house, where petitioner's daughter remained for approximately seven and one half hours. Testimony further revealed that

> The low temperature that night, according to a reading taken by the Dickson Water Plant, was twenty-five degrees. The defendant acknowledged that she was aware her actions could cause harm to the victim and admitted that her infant was cold to the touch during her 4:00 A.M. visit. Some three hours later, the victim's body temperature would not even register on hospital equipment. A medical expert confirmed that the victim faced a substantial risk of death.

Docket Entry No. 16; Addendum No. 5 at pg. 4.

On direct appeal, the Tennessee Court of Criminal Appeals concluded that there was sufficient evidence to support a verdict of guilty to the charge of aggravated child abuse and neglect. Id. This finding by the state court in no way runs contrary to federal law. Thus, petitioner's sufficiency of the evidence claim lacks merit.

The petitioner also asserts that her attorney was ineffective for failing to adequately prepare for trial and challenge hearsay testimony offered by the prosecution as to the temperature outside on the night in question (Claim Nos. I a and e). The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n. 14 (1970). To establish a violation of this right, the petitioner bears the

6

burden of pleading and proving that her attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that her attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).

In analyzing the petitioner's ineffective assistance claims, the Tennessee Court of Criminal Appeals applied the Strickland standard and found that

> Although, as previously noted, the transcript of the evidence at the post-conviction hearing is not included in the record on appeal, it would appear from the memorandum opinion filed by the post-conviction court that the Petitioner presented no evidence to establish that Counsel's alleged failure to investigate the temperature on the night in question undermined confidence in the outcome of her trial. Even if the temperature was 47 degrees on the night of the crime, it is nonetheless abundantly clear in our view that the Petitioner subjected her baby to abuse and neglect by leaving the baby outside overnight. Whether the temperature was 31 degrees or 47 degrees, the baby's body temperature became too cold, and the baby developed hypothermia due to the Petitioner's actions. We conclude, as did the post-conviction court, that any alleged deficient representation by counsel does not undermine our confidence in the jury's determination that the Petitioner knowingly subjected her baby to the risk of serious bodily injury and imminent danger of death. Therefore, the Petitioner is not entitled to relief on this issue.

Docket Entry No. 16; Addendum No. 12 at pg. 7.

The state courts found that, even if counsel had been deficient in his preparation and challenge to the question of temperature, the petitioner was not prejudiced by counsel's actions. The petitioner has offered no clear and convincing evidence to rebut the presumption of

7

correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining ineffective assistance claims was neither contrary to nor an unreasonable application of federal law.

The court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Therefore, the petition will be denied and this action will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

8

Case 3:06-cv-01198   Document 18   Filed 04/05/07   Page 8 of 8 PageID #: 63